IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

In:  BARBARA L                              )              Case No.: 17-70642-JHH-13
RICHARDS
       ssn: ###-##-0193                     )
                                            )
                                            )

**TRUSTEE'S MOTION TO SET HEARING ON DETERMINATION OF FINAL CURE
AND PAYMENT AND MOTION TO MODIFY CONFIRMED PLAN**

COMES NOW C. David Cottingham, Chapter 13 Standing Trustee ("Trustee"), and moves this Honorable Court to set a hearing to determine whether the Debtor has cured the default and paid all required post-petition amounts due to the mortgage creditor in this Chapter 13 case.  As grounds therefore, the Trustee shows the following:

1.      The Trustee files this motion pursuant to Fed. R. Bankr. P. 3002.1(h) and 11 U.S.C. § 1307(c).

2.      The Confirmation Order entered by this Court required the Debtor to make monthly mortgage payments direct to US BANK TRUST NATIONAL ASSOCIATION.

3.      It appears that the Debtor has completed all payments under the plan, subject to audit and the instant motion.

4.      The Trustee filed a Notice of Final Cure regarding Claim nos. 003A and 007 on August 8, 2022, as required by Rule 3002.1(f).

5.      US BANK TRUST NATIONAL ASSOCIATION filed a Response to the Trustee's Notice on August 29, 2022, to Rule 3002.1(g) indicating that (1) it does not agree that the Debtor has paid in full the  amount required to cure the default on the claim or (2) the Debtor is not otherwise current on all payments  consistent with § 1322(b)(5) of the Code, or both. US BANK TRUST NATIONAL ASSOCIATION alleges that Debtor is $2241.08 in arrears on mortgage payments.

6.      In the event that the Debtor does not appear and/or provide evidence for this Court to determine that the Debtor has cured the mortgage default and paid all post-petition mortgage amounts due, the Trustee requests the Court enter an order (i) providing the amount of the post-petition arrearage;

(ii) modifying the Debtor's plan to provide that the post-petition mortgage payment was not a debt provided for by the plan or made under the plan; (iii) excepting the post petition arrearage from discharge; and (iv) allowing the Trustee to file a certification of plan completion.

WHEREFORE, the Trustee moves this Court to set a hearing to determine whether the Debtor has cured the default and paid all required post-petition amounts due to the mortgage creditor in this Chapter 13 case, and, if not, enter an order on the terms set forth herein. The Trustee prays for such other relief as this Court deems appropriate.

/s/ C. David Cottingham
C. David Cottingham
Chapter 13 Standing Trustee
P. O. Drawer 020588
Tuscaloosa, Alabama 35401
(205) 758-8595

CERTIFICATE OF SERVICE

I hereby certify that a correct copy of the foregoing Motion has been forwarded by e mail or U. S. Mail to the following and those provided on the attached Matrix on this the 8th day of September, 2022.

DEBTOR
BARBARA L RICHARDS
3401 WOODLAND ROAD
TUSCALOOSA, AL 35405

DEBTOR'S ATTORNEY
MARSHALL ENTELISANO
701 22ND AVENUE
SUITE 2
TUSCALOOSA, AL 35401-1857

CREDITOR
US BANK TRUST NATIONAL ASSOCIATION
RUSHMORE LOAN MANAGEMENT SERVICES
P O BOX 52708
IRVINE, CA 92619-2708

/s/C. David Cottingham
Chapter 13 Standing Trustee